**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 6 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES WARDELL QUARY,

Defendant - Appellant.

No. 02-3111
D.C. Nos. 00-CV-3460-SAC
and 95-CR-40083-08-SAC
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

Mr. Quary was indicted by a grand jury on eighty-one counts of federal
drug and drug-related offenses. He was convicted on eighty of these counts,

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

including a count for conspiracy "to possess with the intent to distribute or dispense 50 grams or more of a mixture or substance which contained cocaine base or crack cocaine," which is a violation of 21 U.S.C. §§ 846, 841(a), 841(b)(1)(A). He received a life sentence, the statutory maximum under 21 U.S.C. § 841(b)(1)(A). We affirmed his convictions and sentences. *United States v. Quary*, 188 F.3d 520 (10th Cir.), 1999 WL 546999 (unpublished decision), *cert. denied,* 528 U.S. 1033 (1999).

Mr. Quary then sought collateral relief in the district court under 28 U.S.C. § 2255, presenting constitutional arguments seeking to have the sentence "vacate[d], set aside, or correct[ed]." The district court denied Mr. Quary's § 2255 petition and his request for a certificate of appealability (COA). Mr. Quary "appeals" the habeas denial, in effect renewing his petition for a COA in this court. He repeats the arguments presented to the district court. Because his arguments fly in the face of well-accepted precedent, we deny his request for a COA.

**BACKGROUND**

Mr. Quary was one of eight coconspirators charged with multiple federal drug crimes. The other indicted coconspirators pled guilty pursuant to an

agreement.[1]  Three coconspirators testified they distributed multiple kilos of crack

cocaine, i.e., cocaine base, over a period of six to eight months for Mr. Quary,

whom they testified was the leader of the drug distribution conspiracy.  During

sentencing, the district court totaled the amounts of crack cocaine distributed by

the coconspirators and other participants to establish the quantity of crack cocaine

attributable to Mr. Quary—an estimated seventeen kilos.

## DISCUSSION

To be granted a COA, Mr. Quary must first make "a substantial showing of

the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Second, he must

demonstrate "reasonable jurists could debate whether . . . the petition should have

been resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473,

484 (2000) (quotation marks and citation omitted).  Mr. Quary makes several

arguments.  None has merit.

## A. Sentence Enhancing Factors

### 1. *Apprendi*

Mr. Quary contends his life sentence is unconstitutional because the factors

---

[1]For companion cases, *see United States v. Smith*, 188 F.3d 520 (10th Cir.),
1999 WL 547955 (unpublished decision), *cert. denied*, 528 U.S. 1034 (1999);
*United States v. Watkins*, 188 F.3d 520 (10th Cir.), 1999 WL 609542 (unpublished
decision), *cert. denied,* 528 U.S. 1034 (1999).

enhancing his sentence were found by a preponderance of the evidence by the judge, instead of beyond a reasonable doubt by a jury. He relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), maintaining it should be applied retroactively to his case. In *Apprendi*, the court held, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. His reliance is misplaced because *Apprendi* is not a watershed decision to be applied retroactively to initial habeas petitions. *United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir.), *cert. denied,* 123 S. Ct. 388 (2002). Moreover, "the facts guiding judicial discretion below the statutory maximum need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt." *Harris v. United States*, ___ U.S. ___, 122 S. Ct. 2406, 2418 (2002). Mr. Quary was indicted and convicted by a jury of conspiring to distribute more than fifty grams of crack cocaine, for which the penalty is ten years to life. 21 U.S.C. § 841(b)(1)(A). Because his life sentence is within that prescribed statutory range, it need not be submitted to a jury.

## 2. Drug quantity in the indictment

Mr. Quary maintains his conviction is invalid because the indictment did not specify drug quantity, thus (1) he had insufficient notice he could face life in prison, and (2) he should have been convicted under 21 U.S.C. § 841(b)(1)(C) and

-4-

received no more than thirty years in prison. Again he errs. First, the third superceding indictment states the sentence to be imposed for violating 21 U.S.C. § 846, referencing 21 U.S.C. § 841(a)(1), is not less than ten years, nor more than life in prison. Second, because 180 grams of crack cocaine was proved to the jury, as Mr. Quary admits, he was properly found guilty of § 841(b)(1)(A)—possessing 50 grams or more of crack cocaine.

## B. Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is a mixed question of law and fact which we review de novo. *Fisher v. Gibson*, 282 F.3d 1283, 1290 (10th Cir. 2002). Mr. Quary must demonstrate his counsel made "errors so serious" that his performance could not be considered "reasonable[] under prevailing professional norms" and he must show a "reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland v. Washington*, 466 U.S. 668, 687-88, 695 (1984).

Mr. Quary claims his counsel was ineffective because counsel argued during sentencing that 4.9 kilos of crack cocaine should be attributed to him rather than the 17 kilos urged by the government and supported by the Pre-sentence Investigation Report. Mr. Quary maintains his attorney should have insisted the amount was 180 grams, as alleged in the indictment. However, counsel is not obligated to make factually or legally baseless arguments, no matter

how strongly a client may regard the matter. Several coconspirators testified to distributing crack cocaine for Mr. Quary, which totaled 17 kilos, and Mr. Quary provides no record evidence to support his contention of 180 grams.[2] In any event, even if he could establish only 180 grams were attributable to him, he would still be unable to show harm from his counsel's argument. With only 180 grams of crack cocaine, i.e., cocaine base, Mr. Quary's base offense level would have been 34, with an assessed criminal history category of IV. USSG § 2D1.1(c)(1). A six-level increase was added to his base offense level for using minors in the distribution of drugs and for his leadership role in the conspiracy, to which his attorney objected. This results in a base offense level of 40. The Guidelines sentencing range for an offense level of 40 and a criminal history category of IV is 360 months to life. Thus, even with only 180 grams of crack cocaine, the judge's life sentence would still have been within the Guidelines' range.

Finally, Mr. Quary makes another argument of similar ilk. He thinks his counsel should have argued that *Apprendi* applied. To be competent, his counsel does not have to be prescient. *Apprendi* was decided three years after Mr. Quary

_____

[2]The amount of drugs in drug trafficking offenses under United States Sentencing Commission, *Guidelines Manual*, § 2D1.1 (Nov. 2002), are to be counted together if the "transactions [are] connected by a common criminal objective or constitut[e] part of a common scheme or plan." USSG § 3D1.2(b). *See also* USSG § 3D1.2(b), cmt. n.4, ex.4.

was sentenced.  In any event, as discussed above, *Apprendi* is unavailing to him.

**CONCLUSION**

Accordingly, we deny Mr. Quary's request for a certificate of appealability.

**Entered by the Court:**

**TERRENCE L. O'BRIEN**
United States Circuit Judge