In the

# United States Court of Appeals
## For the Seventh Circuit

No. 13-3396

JUAN M. WHITE,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

Appeal from the United States District Court
for the Central District of Illinois.
No. 13-CV-2070 — **Michael P. McCuskey**, *Judge*.

SUBMITTED FEBRUARY 18, 2014 — DECIDED MARCH 14, 2014

Before EASTERBROOK, KANNE, and ROVNER, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. A jury convicted Juan White of distributing more than 50 grams of cocaine base, 21 U.S.C. §841(a)(1), and a judge sentenced him to 360 months' imprisonment. He filed and lost a collateral attack under 28 U.S.C. §2255. After the Sentencing Commission adopted Amendment 750, which retroactively cut the offense levels for crack-cocaine offenses, White asked the judge to reduce his sentence under 18 U.S.C. §3582(c). The judge calculated

the newly applicable range under Amendment 750 and in June 2012 reduced White's sentence to 292 months.

Nine months later White filed another §2255 petition. He contends that his sentence is illegally high because the Guidelines range calculated in 2006 is wrong. According to White, the judge should not have treated him as a manager or supervisor of other criminals, and should have deducted offense levels for acceptance of responsibility. Had the judge done things properly in 2006, White maintains, he would have received a lower sentence in 2012 after the Sentencing Commission modified the quantity table for crack cocaine.

Without deciding whether either of White's contentions is within the ambit of §2255, the district judge dismissed the petition as barred by 28 U.S.C. §2244 and §2255(h). These statutes forbid any "second or successive" petition that has not been authorized by the court of appeals under specified criteria—and White does not contend that his current petition is authorized under those criteria. The district judge also observed that the petition is untimely under §2255(f), which (again with irrelevant exceptions) gives a prisoner only one year to launch a collateral attack.

To contest this decision on appeal, White needs a certificate of appealability. 28 U.S.C. §2253(c). His principal arguments concern the meaning of 28 U.S.C. §2244 and §2255, but a certificate may be issued if the appellant makes a substantial showing that he has been deprived of a constitutional right, §2253(c)(2), and antecedent statutory issues also are substantial. See *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). We need not decide whether White has a substantial constitutional objection to his sentence, because his statutory contentions do not meet *Slack*'s standard.

White contends that his sentence reduction in 2012 not only restarted the clock under §2255(f) but also reset to zero his count of collateral attacks. According to White, a new clock and a new count accompanies every new sentence. No other court of appeals has addressed such an argument, but its disposition is not difficult.

*Magwood v. Patterson*, 130 S. Ct. 2788 (2010), holds that the issuance of a writ of habeas corpus setting aside a sentence as invalid, followed by the imposition of a new sentence, re-sets the clock and the count, so that an attack may be waged against the new sentence even if the same legal grounds could have been urged against the original sentence. (Whether *Magwood* has any other effect was the subject of disagreement among members of this court in *Suggs v. United States*, 705 F.3d 279 (7th Cir. 2013). The issue in *Suggs* does not affect White's case.) White maintains that he is in the same position as Magwood: he has been resentenced, and he now wants to use §2255 to contest that sentence on grounds that existed before the new sentence was imposed.

To say that White's sentence has changed is not, howev-er, to say that he is in the same position as Magwood, who demonstrated in his initial collateral attack that his original sentence violated the Constitution. See 130 S. Ct. at 2797. White's invocation of Amendment 750 did not rest on a con-tention that his 2006 sentence was unlawful (constitutionally or in any other way), and the district judge did not find it so. Instead White contended, and the judge concluded, that the Guidelines had changed after 2006, and that §3582(c) author-izes a reduction because the Sentencing Commission made that change retroactive.

This might be thought a semantic quibble, if the result of Amendment 750 were that older judgments are vacated and all prisoners resentenced. Then, as in *Magwood*, the judge might have committed a second time the error that the prisoner sought to contest. But White, unlike Magwood, was not sentenced anew. The procedure established by §3582(c) is not "resentencing". See *Dillon v. United States*, 560 U.S. 817 (2010). It is a sentence-reduction proceeding.

There are substantial differences between resentencing and sentence reduction under §3582(c). One is that the district judge need not (and usually does not) receive evidence or reopen any issue decided in the original sentencing. Nor does the judge hold a hearing at which the defendant is present and a new sentence is pronounced. Instead the judge takes as established the findings and calculations that led to the sentence and changes only the revised Guideline, leaving everything else the same. See *United States v. Wren*, 706 F.3d 861 (7th Cir. 2013), relying on U.S.S.G. §1B1.10(b)(1), which tells courts that when making retroactive adjustments they "shall leave all other guideline application decisions unaffected." The penalty goes down, but the original judgment is not declared invalid.

White was not resentenced in 2012. The judge was *forbidden* to reexamine the effect that acceptance of responsibility and supervision of others have on White's Guidelines range. The judge accordingly did not commit—could not have committed, if he tried—any repetition of an error supposedly rooted in 2006. No error subject to collateral review occurred in 2012. Accordingly *Magwood* does not reset the clock or the count, for purposes of §2244 and §2255, when a prisoner's sentence is reduced as the result of a retroactive

change to the Sentencing Guidelines. The district court properly dismissed White's latest petition as both untimely and barred by the lack of prior appellate approval. We therefore decline to issue a certificate of appealability, and we dismiss this appeal.