# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50475

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

AUTRY LEE JONES,

Defendant – Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2015

Lyle W. Cayce
Clerk

Appeals from the United States District Court
for the Western District of Texas

Before DAVIS, ELROD, and HAYNES, Circuit Judges.

JENNIFER WALKER ELROD, Circuit Judge:

In this case, we must decide whether a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2) results in a new judgment such that a habeas application attacking the reduced sentence is not "second or successive" to previous habeas applications attacking the sentence. 28 U.S.C. §§ 2244(b), 2255(h). Relying on the plain text of § 3582(c)(2) and on decisions of the Supreme Court and our court interpreting the statute, we hold that a § 3582(c)(2) sentence reduction does not result in a new judgment, but rather only in the modification of an existing one, and a petitioner may not thereby avoid the requirements for filing "second or successive" habeas applications.

No. 13-50475

**I.**

Jones was convicted by a jury of possession and conspiracy to possess with intent to distribute cocaine base, and he was sentenced to life in prison on each count. We affirmed his convictions on direct appeal. *United States v. Jones*, No. 91-8599, 1992 WL 366499 (5th Cir. Dec. 4, 1992). Jones filed his first § 2255 motion in July 1997. The district court dismissed the motion as time-barred, and we dismissed Jones's untimely appeal of that decision. In 1999, Jones filed another § 2255 motion, which the district court dismissed as successive. We denied Jones's motion for a COA. In 2005, Jones applied in this court for leave to file a successive § 2255 motion. We denied the application.

In February 2012, Jones filed an "Agreed Motion for Reduction of Sentence" pursuant to § 3582(c)(2); the motion stated that Jones and the Government agreed that his sentences should be reduced in light of 2011 amendments to the Sentencing Guidelines. The district court granted the motion and reduced Jones's life sentence on each count to 405 months, with the sentences to run concurrently. The district court denied Jones's subsequent motion to alter or amend the judgment.[1]

In March 2013, Jones filed the instant § 2255 motion and memorandum in support, claiming that his counsel at his original trial rendered ineffective assistance in several respects. The district court concluded that the § 2255 motion was successive and transferred it to this court. Jones timely filed a notice of appeal and moved for a COA. We granted a COA on the issue of

---

[1] On December 17, 2014, after briefing in this appeal concluded, the district court granted another § 3582(c)(2) motion and reduced Jones's sentence further to 327 months of imprisonment; however, the sentence reduction does not take effect until November 2, 2015.

No. 13-50475

whether Jones's § 3582(c)(2) sentence reduction resulted in a new judgment such that his proposed § 2255 motion is not successive.[2]

## II.

The Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-32, 100 Stat. 1214 (AEDPA), requires a prisoner to obtain authorization from a federal court of appeals in his circuit before he may file a "second or successive" habeas application in federal district court.    28 U.S.C. § 2244(b)(3)(A).  This requirement "creates a gatekeeping mechanism for the district court's consideration of successive applications for habeas relief." *Propes v. Quarterman*, 573 F.3d 225, 229 (5th Cir. 2009).  "There is not, however, a definition in the AEDPA of the term 'second or successive' application."  *Id.*  A habeas application is not second or successive merely because it follows an earlier application.  *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).  Rather, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Id.*

Jones's habeas application asserts that his trial counsel was ineffective—a claim that he could have raised in an earlier application.  However, he contends that his application is not second or successive under the Supreme Court's decision in *Magwood v. Patterson*, 561 U.S. 320 (2010). In *Magwood*, the Supreme Court held that when a habeas application "challenges a new judgment for the first time, it is not 'second or successive' under § 2244(b)." 561 U.S. at 324.  In *Magwood*, the habeas petitioner had been convicted of murder and sentenced to death.  *Id.* at 324–25.  He filed a federal habeas

---

[2] We have since held that a prisoner need not obtain a COA to appeal the transfer of a § 2255 motion as successive.  *United States v. Fulton*, 780 F.3d 683, 687–88 (5th Cir. 2015).

3

application, and the district court conditionally granted the writ, vacating the sentence and ordering that the petitioner either be released or resentenced. *Id.* at 326. After a new sentencing hearing, the petitioner was again sentenced to death. *Id.* The petitioner filed a federal habeas application challenging his new death sentence, and the district court again conditionally granted the writ. *Id.* at 328. The court of appeals reversed, holding that the petitioner's challenge to his new death sentence was second or successive because he could have pursued it in his application attacking the original sentence. *Id.* at 329.

On certiorari, the Supreme Court reversed. Relying on the text of § 2254(b), the Court reasoned that habeas applications are defined in relation to the judgment that they attack; they seek invalidation of the judgment authorizing the prisoner's confinement. *Id.* at 332. Moreover, if relief is granted, the government may typically seek a new judgment. *Id.* Because the petitioner in *Magwood* had received a resentencing and thus a new judgment, his habeas application challenging that new judgment could not be "second or successive." *Id.* at 342.

While *Magwood* establishes that a habeas application challenging a "new judgment" is not second or successive, it does not define the term "new judgment." Thus, we must determine whether a sentence that has been reduced pursuant to 18 U.S.C. § 3582(c)(2) qualifies as a "new judgment." Under *Magwood*, "[w]hether a new judgment has intervened between two habeas petitions, such that the second petition can be filed without this Court's permission, depends on whether a new sentence has been imposed." *In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012). A review of the text of § 3582(c)(2), and of the Supreme Court's and our court's decisions interpreting it, makes clear that Jones has received a reduced sentence, not a new one, and therefore Jones's § 2255 motion—which raises a claim that Jones could have raised in an earlier motion—is successive.

4

No. 13-50475

Section 3582(c)(2) provides:

> The [sentencing] court may not modify a term of imprisonment once it has been imposed except that in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). As the Supreme Court has observed, "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the Commission." *Dillon v. United States*, 560 U.S. 817, 825 (2010) (holding that § 3582(c)(2) sentence-reduction proceedings do not implicate the Sixth Amendment, and therefore *United States v. Booker*, 543 U.S. 220 (2005) does not apply to such proceedings). The statute's plain text "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Id.* at 826.

The Guidelines are consistent with this understanding of the limited nature of § 3582(c)(2) sentence-reduction proceedings. Under U.S.S.G. § 1B1.10(b), when a district court reduces a sentence under § 3582(c)(2), it leaves undisturbed the findings and calculations that formed the recommended sentencing range, changing only the revised Guideline. This procedure does not in any way resemble a full resentencing. Indeed, § 3582 itself provides that "[n]otwithstanding the fact that a sentence to imprisonment can subsequently be modified pursuant to the provisions of [§ 3582(c)], a judgment of conviction

that includes such a sentence constitutes a final judgment for all other purposes." § 3582(b)(1).  Consequently, we have recently held in an analogous context that because "'a modification of a sentence does not affect the finality of a criminal judgment,'" a sentence reduction under § 3582(c)(2) does not restart the clock for AEDPA's one-year limitations period for the filing of § 2255 motions.   *United States v. Olvera*, 775 F.3d 726, 729 (5th Cir. 2015) (quoting *United States v. Sanders*, 247 F.3d 139, 143 (4th Cir. 2001)); *accord Murphy v. United States*, 634 F.3d 1303, 1309 (11th Cir. 2011) (compiling cases).

Jones provides us with no reason to depart from these interpretations of § 3582's plain text.  Jones has received a "reduc[tion]" resulting in the "modif[ication]" of an existing sentence, not a full resentencing.  Just as his sentence reduction does not re-start AEDPA's one-year limitations clock under our precedent in *Olvera*, 775 F.3d at 729, it also does not wipe clean the slate of habeas applications that he has previously filed.

In so holding, we join the Seventh Circuit and several district courts that have had occasion to resolve the question.  *See White v. United States*, 745 F.3d 834, 836–37 (7th Cir. 2014) (holding that "*Magwood* does not reset the clock or the count, for purposes of § 2244 and § 2255, when a prisoner's sentence is reduced" under § 3582(c), and noting the "substantial differences between resentencing and sentence reduction"); *see also, e.g.*, *Perkins v. United States*, Nos. 3:14–CV–2183–K, 3:97–CR–0055–K–21, 2014 WL 2781845, *2 (N.D. Tex. June 19, 2014) (holding that a § 3582(c) sentence reduction does not "reset to zero the number of collateral attacks for purposes of the bar on successive section 2255 motion"); *Jackson v. United States*, Nos. 3:12–cv–3287, 3:12–cv–3350, 2014 WL 1351105, *3 (S.D. W. Va. Apr. 4, 2014) (holding that a § 3582(c) sentence reduction does not constitute a new judgment under

No. 13-50475

*Magwood*); *Woods v. United States*, Nos. 13–CV–385–JPS, 95–CR–187–JPS, 2013 WL 1648299, *1 (E.D. Wis. Apr. 16, 2013) (same).

### III.

Because Jones's habeas application raises a claim that he could have raised in a prior application, and because no "new judgment" has intervened between the filing of his present application and the filing of his previous ones, his present application is successive to his 1997 and 1999 applications. Jones did not seek or receive our authorization to file his successive application as required by 28 U.S.C. §§ 2244(b), 2255(h). Accordingly, we AFFIRM the district court's transfer order and DIRECT the Clerk to notify Jones that he must file in this court a motion for authorization pursuant to § 2244(b)(3)(A) within 30 days from the date of the Clerk's notice, and that failure to do so will result in entry of an order denying authorization. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015) (affirming district court's transfer order where petitioner unsuccessfully argued that his application should not be deemed successive); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (holding that where a district court transfers a successive habeas application to this court, we will direct the Clerk to notify the petitioner that he must move for authorization within 30 days).