NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 11, 2016[*]
Decided February 12, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 15-2189

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:99CR00083-001 |
| VAN JACKSON, *Defendant-Appellant*. | Larry J. McKinney, *Judge*. |

**O R D E R**

Van Jackson, a federal prisoner, appeals the denial of his motion under 18 U.S.C. § 3582(c)(2) for a sentence reduction based on the retroactive application of Amendment 782 to the United States Sentencing Guidelines. We affirm.

Jackson was convicted by a jury of conspiring to distribute and distributing heroin. *See* 21 U.S.C. §§ 841(a)(1), 846. The district court held Jackson responsible for

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

more than 3 kilograms of heroin, so his base offense level was 34. His guidelines range was 360 months to life (based on a total offense level of 42 and a criminal-history category of IV). The district court sentenced him to 360 months. We dismissed his appeal because we agreed with counsel that no conceivable issue had merit. *United States v. Jackson*, 41 F. App'x 848 (7th Cir. June 20, 2002).

Amendment 782 lowered by two levels the base offense level specified in the Drug Quantity Table. *See* U.S.S.G. supp. to app. C, amends. 782, 788 (2014). But even with a lowered base offense level of 32 (and a total offense level of 40), Jackson's guidelines range remained 360 months to life. Because Amendment 782 did not reduce Jackson's guideline range, the district court concluded that he was not eligible for a reduction and denied his § 3582(c)(2) motion.

On appeal, Jackson argues that he qualifies for a reduction because his total offense level erroneously includes a two-level upward adjustment for using a minor during the conspiracy; striking that adjustment would lower his total offense level to 38, dropping his guideline range to 324 to 405 months. But this argument is premised on a misreading of our earlier decision in his case—we did not, as Jackson contends, state that the adjustment was error; rather, we concluded that a challenge to the adjustment would be frivolous because it would not affect his guideline range. *Jackson*, 41 F. App'x at 853. More importantly, § 3582(c) does not authorize a resentencing; the district judge may not reexamine issues decided at the initial sentencing. *See Dillon v. United States*, 560 U.S. 817, 831 (2010); *White v. United States*, 745 F.3d 834, 836–37 (7th Cir. 2014) (citing U.S.S.G. § 1B1.10(b)(1)). Because Jackson's guideline range remains 360 months to life, the district court correctly concluded that he does not qualify for a sentence reduction. *See* U.S.S.G. § 1B1.10(a)(2); *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015).[1]

We have considered Jackson's remaining arguments and conclude that none has merit.

AFFIRMED.

---

[1] Jackson also asserts that the district court did not explain its reason for denying his § 3582(c)(2) motion. But the court set forth its rationale on the second page of its form order denying the motion—a page that was filed under seal.