**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CHRISTOPHER KYLE SHERROD,
*Applicant*,

v.

UNITED STATES OF AMERICA,
*Respondent*.

No. 16-72178

ORDER

Application to File Second or Successive
Motion Under 28 U.S.C. § 2255

Submitted May 24, 2017[*]

Filed June 2, 2017

Before: Sidney R. Thomas, Chief Judge, and Barry G.
Silverman and Johnnie B. Rawlinson, Circuit Judges.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**SUMMARY**[**]

**28 U.S.C. § 2255**

The panel filed an order denying Christopher Sherrod's application for authorization to file a second or successive 28 U.S.C. § 2255 motion in a case in which the district court reduced Sherrod's sentence pursuant to 18 U.S.C. § 3582(c)(2).

The panel held that a § 3582(c)(2) sentence reduction does not qualify as a new, intervening judgment; and that under *Magwood v. Patterson*, 561 U.S. 320 (2010), Sherrod must therefore obtain authorization from this court to proceed on a second or successive § 2255 motion.

The panel denied the application for authorization because Sherrod has not made a prima facie showing under 28 U.S.C. § 2255(h) of newly-discovered evidence or a new rule of constitutional law.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**ORDER**

In the context of this application for authorization to file a second or successive 28 U.S.C. § 2255 motion, we must decide whether a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) amounts to a new, intervening judgment. Only if the reduction in Sherrod's sentence qualified as a new judgment would he be permitted to file a new section 2255 motion without authorization from this court. *See Magwood v. Patterson*, 561 U.S. 320, 341–42 (2010) ("where … there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not second or successive at all") (internal quotations and citations omitted). We hold that a sentence reduction under 18 U.S.C. § 3582(c)(2) does not amount to a new judgment.

In 2013, Sherrod pleaded guilty to one count of possession with intent to distribute methamphetamine, and in 2014, he was sentenced. In February 2015, the district court denied Sherrod's first § 2255 motion on the merits. In October 2015, the district court issued an order reducing Sherrod's sentence pursuant to § 3582(c)(2). Sherrod then filed a motion, which the district court recharacterized as a § 2255 motion and dismissed for lack of jurisdiction as an unauthorized second or successive § 2255 motion. In June 2016, Sherrod filed the instant application for authorization.

Although a federal court generally "may not modify a term of imprisonment once it has been imposed," a court can reduce the term if it was based on a sentencing range that the Sentencing Commission later lowered and made retroactive. 18 U.S.C. § 3582(c)(2). "The Supreme Court has cautioned that the exception to sentencing finality in § 3582(c)(2) is 'narrow [in] scope' and is 'intended to authorize only a limited adjustment to an otherwise final sentence and not a

plenary resentencing proceeding.'" *United States v. Aguilar-Canche*, 835 F.3d 1012, 1017 (9th Cir. 2016) (alteration in original) (quoting *Dillon v. United States,* 560 U.S. 817, 826 (2010)). As the Seventh Circuit explained, "[t]he penalty goes down, but the original judgment is not declared invalid." *White v. United States*, 745 F.3d 834, 836 (7th Cir. 2014).

Because the court makes only a limited adjustment to the sentence, and claims of error at the original sentencing are "outside the scope of the proceeding authorized by § 3582(c)(2)," *Dillon*, 560 U.S. at 831, we join our sister circuits in holding that a § 3582(c)(2) sentence reduction does not qualify as a new, intervening judgment. *See United States v. Jones*, 796 F.3d 483, 486 (5th Cir. 2015) (holding a sentence reduction under § 3582(c)(2) "does not wipe clean the slate of habeas applications that [a prisoner] has previously filed"); *White*, 745 F.3d at 837 (holding "*Magwood* does not reset the clock or the count, for purposes of § 2244 and § 2255, when a prisoner's sentence is reduced as the result of a retroactive change to the Sentencing Guidelines").

It follows that Sherrod must obtain authorization from this court to proceed on a second or successive § 2255 motion.

Sherrod has not made a prima facie showing under § 2255(h) of:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Sherrod's application for authorization is therefore **DENIED**. Any pending motions are denied as moot.