**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
———————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES WARDELL QUARY,

    Defendant - Appellant.

No. 17-3193
(D.C. Nos. 5:14-CV-04003-SAC &
5:95-CR-40083-SAC-8)
(D. Kan.)

———————————————————

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
———————————————————

Before **TYMKOVICH**, Chief Judge, **LUCERO** and **HARTZ**, Circuit Judges.
———————————————————

**PER CURIAM**.
———————————————————

James Wardell Quary, a federal prisoner appearing pro se, seeks a certificate of

appealability (COA) to challenge the district court's dismissal of his motion for relief

under 28 U.S.C. § 2255 for lack of jurisdiction. We deny a COA and dismiss this matter.

After a jury convicted Quary of multiple drug offenses, he received a life sentence.

He also received a consecutive term of 60 months' imprisonment for a firearm offense.

*See* 18 U.S.C. § 924(c). His convictions and sentences were affirmed on direct appeal.

*See United States v. Quary*, 188 F.3d 520, 1999 WL 546999 (10th Cir. July 28, 1999)

(unpublished table decision).

After the district court denied his first § 2255 motion, we denied a COA. *See*

*United States v. Quary*, 60 F. App'x 188 (10th Cir. 2003). In August 2015, the district

court granted Quary's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and

reduced his life sentence to a 360-month sentence, resulting in a total sentence of

420 months' imprisonment including the consecutive term for the firearm offense.

Almost two years later, Quary filed another § 2255 motion. He argued that the

motion was not second or successive because his sentence reduction constituted a new

judgment. The district court rejected this argument—noting the absence of Tenth Circuit

authority on the issue but also the exclusive line of precedent from other circuits—and

determined that Quary's motion was a second or successive motion for which he needed

authorization. Quary now seeks a COA to appeal that ruling, arguing, as he did in the

district court, that his § 2255 motion is not second or successive due to his intervening

sentence reduction.[1]

To establish his entitlement to a COA, Quary must make "a substantial showing of

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district

court denies a § 2255 motion on procedural grounds, a COA may issue only if "the

prisoner shows, at least, that jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right and . . . whether the district court

was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[1] Because we conclude that the district court did not have jurisdiction to consider
Quary's motion, we need not address his argument that he is entitled to equitable tolling.

2

Not every § 2255 motion filed second in time qualifies as "second or successive" under the Antiterrorism and Effective Death Penalty Act; "[t]he Supreme Court has described the phrase as a term of art." *Stanko v. Davis*, 617 F.3d 1262, 1265 n.2 (10th Cir. 2010) (internal quotation marks omitted). If "there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not second or successive." *Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010) (citation and internal quotation marks omitted).

This court has not addressed the precise issue of whether an order reducing a sentence under § 3582(c)(2) constitutes a new, intervening judgment for purposes of determining whether a § 2255 motion is second or successive. However, the Supreme Court has made clear that § 3582(c)(2) establishes a *narrow* exception to the rule that "[a] federal court generally may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (internal quotation marks omitted). "[A] district court proceeding under § 3582(c)(2) does not impose a new sentence in the usual sense." *Id.* at 827. Rather, by its plain language, the statute "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Id.* at 826.

In *United States v. Piper*, 839 F.3d 1261, 1266 (10th Cir. 2016), and *United States v. Verdin-Garcia*, 824 F.3d 1218, 1222 (10th Cir. 2016), we applied *Dillon* in deciding that a district court does not abuse its discretion when it denies a sentence reduction under § 3582(c)(2) without addressing a prisoner's policy-based arguments. We noted that in a sentencing proceeding, a court is required to explain its reasons for the sentence

3

it imposes, *see* 18 U.S.C. § 3553(c), yet in a sentence-reduction proceeding, a court is required merely to consider the relevant factors, *see id.* § 3553(a), whether or not it grants a reduction. *Piper*, 839 F.3d at 1267. Thus, with respect to motions for a sentence reduction, we found "no basis to impose upon the district court a requirement to address every nonfrivolous, material argument raised by the defendant" in such proceedings. *Verdin-Garcia*, 824 F.3d at 1222. The established principle of distinguishing sentence reductions from sentencings in this court supports our holding today that the former do not qualify as new, intervening judgments.

Other circuits that have addressed this issue have uniformly reached the same conclusion. *See, e.g.*, *Sherrod v. United States*, 858 F.3d 1240, 1242 (9th Cir. 2017); *United States v. Jones*, 796 F.3d 483, 487 (5th Cir. 2015); *White v. United States*, 745 F.3d 834, 837 (7th Cir. 2014).

In *White*, the Seventh Circuit distinguished White's § 3582(c) sentence reduction from Magwood's resentencing. 745 F.3d at 836. White requested and received a sentence reduction after the Sentencing Commission adopted a retroactive amendment cutting the offense levels for crack-cocaine offenses (as did Quary), while Magwood was sentenced anew after demonstrating in his initial collateral attack that his original sentence violated the Constitution. *Id.* at 835-36. The *White* court observed that at a resentencing, a district judge may receive evidence and reopen issues decided in the original sentencing before holding a hearing and pronouncing a new sentence. *Id.* at 836. By contrast, a court granting a sentence reduction "takes as established the findings and calculations that led to the sentence and changes only the revised Guideline, leaving

4

everything else the same." *Id.* In other words, "[t]he penalty goes down, but the original judgment is not declared invalid." *Id.* Therefore, the Seventh Circuit concluded, "*Magwood* does not reset the clock or the count, for purposes of § 2244 and § 2255, when a prisoner's sentence is reduced as the result of a retroactive change to the Sentencing Guidelines." *Id.* at 837.

In *Jones*, the Fifth Circuit noted that *Magwood* does not define the term "new judgment" but held that Jones "received a reduced sentence [under § 3582(c)(2)], not a new one." 796 F.3d at 485. The court determined that the sentence-reduction procedure "does not in any way resemble a full resentencing" because it "leaves undisturbed the findings and calculations that formed the recommended sentencing range, changing only the revised Guideline." *Id.* at 486.

And in *Sherrod*, the Ninth Circuit reasoned that a sentence reduction under § 3582(c)(2) is not akin to a resentencing, stating that "[t]he Supreme Court has cautioned that the exception to sentencing finality in § 3582(c)(2) is narrow in scope and is intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." 858 F.3d at 1242 (brackets and internal quotation marks omitted). Noting the decisions from other circuits discussed above, the Ninth Circuit decided it would "join our sister circuits in holding that a § 3582(c)(2) sentence reduction does not qualify as a new, intervening judgment." *Id.*

The rationale of these opinions is persuasive. Moreover, given this court's precedents distinguishing sentence reductions from sentencings as well as the uniform

5

rejection of Quary's argument in other circuits, we conclude that jurists of reason would not find the district court's procedural ruling debatable.

Accordingly, we deny a COA. Quary's motion for leave to proceed on appeal without prepayment of costs or fees is granted.