**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 22, 2018[*]
Decided June 22, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 17-2030

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　*Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 04 CR 784-1 |
| ADALBERTO SANTIAGO,<br>　　　*Defendant-Appellant.* | Samuel Der-Yeghiayan,<br>*Judge.* |

**O R D E R**

A jury convicted Adalberto Santiago of conspiring to possess crack cocaine with the intent of distributing it, and of distributing it. *See* 21 U.S.C. §§ 846, 841(a)(1). In 2010, the district judge sentenced Santiago to the statutory minimum of 240 months' imprisonment. We affirmed that judgment.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Four years later, Santiago moved to reduce his sentence under 18 U.S.C. § 3582(c)(2). He relied on Amendment 782 to the Sentencing Guidelines, which lowered the base offense level for nearly all drug crimes, including crack-cocaine convictions. The district judge denied Santiago's request because his sentence was set by a statutory minimum that was higher than his guidelines range, so Amendment 782 was irrelevant.

On appeal from that denial, Santiago generally contends that the amendment changed the guidelines range so the statutory minimum no longer applies. But he misunderstands § 3582(c)(2), which authorizes a district court to reduce a sentence based on a sentencing range subsequently lowered by the Sentencing Commission. *See Koons v. United States*, 2018 WL 2465190, at *3 (U.S. June 4, 2018); *Dillon v. United States*, 560 U.S. 817, 825–26 (2010). Because Santiago's sentence was set by a statutory minimum, it was not "based on" a guidelines range that subsequently changed. And because the Commission did not change the statutory minimum, Santiago's sentence cannot be reduced under § 3582(c)(2).

Santiago has two other contentions on appeal—that the chemist reports introduced at his trial were fabricated, and that the government did not give him proper notice under 21 U.S.C. § 851 of its intent to seek an enhanced penalty based on a prior felony conviction. But these aspects of his sentence are unaffected by Amendment 782, and thus are outside the scope of this § 3582(c)(2) proceeding. *See Dillon*, 560 U.S. at 828, 830; *White v. United States*, 745 F.3d 834, 836 (7th Cir. 2014).

                                                                                            AFFIRMED