**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 21, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES WARDELL QUARY,

    Petitioner - Appellant,

v.

N.C. ENGLISH,

    Respondent - Appellee.

No. 18-3212
(D.C. No. 5:18-CV-03158-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MATHESON**, and **EID**, Circuit Judges.
_____

Pro se federal prisoner James Quary appeals from the dismissal of his application

for a writ of habeas corpus under 28 U.S.C. § 2241.[1]  Exercising jurisdiction under

28 U.S.C. § 1291, we affirm the dismissal.[2]

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Quary is pro se, we liberally construe his filings but do not act as his advocate.  *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] A federal prisoner is not required to obtain a certificate of appealability to seek review of a district court's denial of a habeas application under § 2241. *Eldridge v. Berkebile*, 791 F.3d 1239, 1241 (10th Cir. 2015).

## I. BACKGROUND

Mr. Quary was convicted in 1997 of federal drug and firearms offenses. He was sentenced to life in prison for the drug crimes and to an additional 60 months for the gun offense. This court affirmed his convictions on direct appeal. *United States v. Quary*, 188 F.3d 510 (10th Cir. 1999) (unpublished). The district court denied his first motion for habeas relief under 28 U.S.C. § 2255 and we denied a certificate of appealability ("COA"). *United States v. Quary*, 60 F. App'x 188 (10th Cir. 2003) (unpublished). The court later reduced his life sentence to 360 months under 18 U.S.C. § 3582(c). Mr. Quary filed a second § 2255 motion, which the district court dismissed as an unauthorized second or successive motion. We denied a certificate of appealability to appeal that decision. *United States v. Quary*, 881 F.3d 820 (10th Cir. 2018).

In June 2018, Mr. Quary filed his § 2241 application underlying this appeal. He argued his firearms conviction under 18 U.S.C. § 924(c) should be vacated because the aiding and abetting jury instructions at trial were erroneous under *Rosemond v. United States*, 572 U.S. 65 (2014).[3] The district court said this claim must be raised in a § 2255 motion unless § 2255(e)'s savings clause permitted him to bring his claim under § 2241. The court concluded the savings clause did not apply and dismissed the § 2241 application.

___

[3] In *Rosemond*, the Supreme Court held that an unarmed accomplice cannot aid and abet a § 924(c) violation without knowing beforehand "that one of his confederates will carry a gun." 572 U.S. at 77.

## II. **DISCUSSION**

A § 2255 motion is ordinarily the only means to challenge the validity of a federal conviction following the conclusion of direct appeal. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). But "in rare instances," *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010), a prisoner may attack his underlying conviction by bringing a § 2241 habeas corpus application under the "savings clause" in § 2255(e). *Brace*, 634 F.3d at 1169. That clause provides:

> An application for a writ of habeas corpus [(§ 2241)] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [(§ 2255)], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion [(§ 2255)] is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). "Thus, a federal prisoner may file a § 2241 application challenging the validity of his sentence only if § 2255 is inadequate or ineffective to test the legality of his detention." *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016) (quotations omitted).

A § 2241 applicant "bears the burden of showing he satisfies § 2255(e)." *Id.* at 1170. "The relevant metric or measure" for application of § 2255(e) "is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion." *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). If the argument could have been tested in an initial § 2255 motion, "then the petitioner may not resort to the savings clause and § 2241." *Id.* We have identified only two examples in

3

which § 2255 was inadequate or ineffective: (1) when the sentencing court has been abolished, or (2) "when the application of § 2255(h)'s bar against a second or successive motion for collateral review would seriously threaten to render the § 2255 remedial process unconstitutional." *Hale*, 829 F.3d at 1173-74 (quotations omitted).

Mr. Quary does not contend his case meets either of the *Prost* exceptions. As in the district court, he concedes that, under *Prost*'s interpretation of § 2255(e), he cannot rely on *Rosemond* to proceed under § 2241. In *Prost*, this court held that, after denial of a § 2255 motion, new case precedent construing the law to render a conviction invalid would not satisfy § 2255(e)'s savings clause. This is so because, even if the new case— here *Rosemond*—provides a basis to challenge the conviction, the prisoner "was entirely free to raise and test a [*Rosemond*]-type argument in his initial § 2255 motion." *Prost*, 636 F.3d at 590.

On appeal, Mr. Quary argues that *Prost* was wrongly decided. But, as he seems to acknowledge, "[o]ne panel of the court cannot overrule circuit precedent." *United States v. Walling*, 936 F.2d 469, 472 (10th Cir. 1991), and "[a]bsent an intervening Supreme Court or en banc decision justifying such action, we lack the power to overrule [a prior panel decision]." *Berry v. Stevinson Chevrolet*, 74 F.3d 980, 985 (10th Cir. 1996). Mr. Quary argues that this case should be heard en banc. Aplt. Br. *passim*. He asks this panel to vacate the district court's dismissal of his § 2241 application "and/or" grant en banc review "to revisit *Prost v. Anderson*." *Id.* at 24.

4

As previously explained, we cannot vacate the district court's dismissal because *Prost* binds this panel. We cannot grant en banc review because the en banc court must make that decision under Federal Rule of Appellate Procedure 35(a). Mr. Quary may petition for rehearing en banc under Federal Rule of Appellate Procedure 35(b).

The district court granted Mr. Quary's request to proceed *in forma pauperis* ("*ifp*") conditioned on his making partial payments of the filing fee. The provision for partial payment appears in 28 U.S.C. § 1915(b), which is part of the Prison Litigation Reform Act ("PLRA"). The PLRA does not apply to § 2241 appeals. *McIntosh v. U.S. Parole Comm.*, 115 F.3d 809 (10th Cir. 1997). Accordingly, the district court does not need to assess and should not assess partial payments under § 1915(b). We therefore vacate the portions of the district court's order that conditioned Mr. Quary's *ifp* status on his making partial payments of the filing fee.

### III. **CONCLUSION**

We affirm the district court's dismissal of Mr. Quary's § 2241 application. We vacate the partial payment portions of the district court's *ifp* order as described above.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

5