**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**October 15, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ERIC BEYER, JR.,

    Defendant - Appellant.

No. 24-3000
(D.C. Nos. 6:23-CV-01187-EFM &
6:21-CR-10067-EFM-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **ROSSMAN**, Circuit Judges.
_____

Eric Beyer, Jr., moved under 28 U.S.C. § 2255 to vacate his sentence.  The district court denied the motion, and Mr. Beyer, representing himself, seeks to appeal.  We deny his application for a certificate of appealability and dismiss this matter.

**Background**

After reaching an agreement with the government, Mr. Beyer pleaded guilty to two counts of producing child pornography and one count of possessing child pornography.  The plea agreement required him to waive (with some exceptions) his

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

rights to appeal his sentence and to attack it in a § 2255 motion.  Based on the agreement, the district court sentenced him to serve 18 years in prison.

A few months after sentencing, Mr. Beyer moved under § 2255 to vacate his sentence.  He argued that (1) the district court should have considered his ignorance of the law and his young age; (2) his confrontation rights were violated because the victims did not attend his sentencing hearing; (3) he should have received a downward departure for cooperating with law enforcement; (4) he should have received the same leniency as the victims (who, he said, escaped prosecution even though they violated the law by sending him nude pictures of themselves); and (5) he lacked criminal intent because his victims were at least 16 years old, which he identified as the "age of consent" under Kansas law.  R. vol. 1 at 83.

The district court denied Mr. Beyer's motion for two independent reasons.  First, the court held that, through the plea agreement, Mr. Beyer waived the right to raise his arguments in a § 2255 motion.  Second, the court held that his arguments failed on their merits.

Mr. Beyer now seeks to appeal.

## Discussion

Mr. Beyer can appeal only if he obtains a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B).  When a district court has denied a § 2255 motion for a procedural reason, we will grant a certificate of appealability only if the movant shows that reasonable jurists would find it at least debatable (1) whether the motion states a

valid constitutional claim and (2) whether the district court's procedural ruling was correct. *See United States v. Quary*, 881 F.3d 820, 821–22 (10th Cir. 2018) (per curiam).

Mr. Beyer's current arguments differ somewhat from those he presented in district court. He has abandoned the claims that his confrontation rights were violated, that he should have received a downward departure, and that he should have received the same leniency as the victims. And he makes two arguments he did not raise in his § 2255 motion: (1) that he did not *produce* child pornography because he was not physically present when the materials were made, and (2) that he pleaded guilty based on his lawyer's incorrect sentencing advice. We will not consider his new arguments. *See Stouffer v. Trammell*, 738 F.3d 1205, 1221 n.13 (10th Cir. 2013); *United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012). The only preserved arguments Mr. Beyer pursues here are those highlighting his young age and the age of consent under Kansas law.

In the end, however, we need not consider Mr. Beyer's arguments about the merits of his preserved claims. When a district court has provided two or more independent reasons for its decision, the appellant can prevail only by challenging each of those reasons. *See Lebahn v. Nat'l Farmers Union Unif. Pension Plan*, 828 F.3d 1180, 1188 (10th Cir. 2016). The district court denied Mr. Beyer's § 2255 motion for two independent reasons—its procedural ruling that the waiver in his plea agreement barred his claims and its separate merits ruling. Mr. Beyer makes no challenge to the procedural ruling, so he has waived any argument that reasonable jurists could debate it. *See Davis v. McCollum*, 798 F.3d 1317, 1320 (10th Cir. 2015). As a result, even if reasonable jurists could see a valid constitutional claim in his § 2255 motion, the district court's

procedural ruling would remain unscathed, providing a complete justification for the decision to deny the motion. For that reason alone, we deny Mr. Beyer's application for a certificate of appealability.

We recognize that Mr. Beyer represents himself, and we have therefore construed his filings liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But even the most liberal reading of Mr. Beyer's papers uncovers no argument challenging the district court's procedural ruling. And we cannot craft an argument against that ruling on his behalf because doing so would require us to take on an advocate's role. *See id.*

### Disposition

We deny Mr. Beyer's application for a certificate of appealability and dismiss this matter. We grant Mr. Beyer's motion for leave to amend, and we have considered the arguments in his amended application for a certificate of appealability.

Entered for the Court

Veronica S. Rossman
Circuit Judge

4