# United States Court of Appeals for the Fifth Circuit

———————

No. 24-30520
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
March 12, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Chad Allen Scott,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CR-181-1

———————————————————

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Chad Allen Scott, a former Drug Enforcement Administration (DEA) agent, was convicted by a jury of numerous offenses related to his DEA work and was sentenced to a total of 160 months in prison, to be followed by three years of supervised release. *United States v. Scott*, 70 F.4th 846, 854 (5th Cir. 2023). Scott filed a motion under 18 U.S.C. § 3582(c)(2) based on

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30520

Amendment 821 to the Sentencing Guidelines. The district court denied the motion, finding that Scott was not eligible for relief under Amendment 821 due to an aggravating role adjustment under U.S.S.G. § 3B1.1(c). Scott now appeals. The Government has filed a motion for summary affirmance, and Scott has filed a motion for leave to file an out-of-time response. Because it is opposed, we decline to grant the Government's motion for summary affirmance. *See United States v. Bailey*, 924 F.3d 1289, 1290 (5th Cir. 2019).

Scott argues that the § 3B1.1(c) role increase was not justified and that this court erred in finding the error harmless on direct appeal because the role increase is the reason that the district court denied him a U.S.S.G. § 4C1.1 reduction. Scott seeks resentencing on the issue of his role in the offense. A proceeding under § 3582(c)(2) is not a full resentencing. *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009). In determining whether a defendant is eligible for a § 3582(c)(2) reduction, a district court may only substitute the amended guideline provision for the corresponding provision applied at sentencing. *United States v. Jones*, 796 F.3d 483, 486 (5th Cir. 2015). It must "leave[] undisturbed the findings and calculations that formed the recommended sentencing range[.]" *Id.* Accordingly, the district court did not abuse its discretion in denying relief under § 3582(c)(2). *United States v. Quintanilla*, 868 F.3d 315, 319 (5th Cir. 2017).

Scott's motion to file an out-of-time response is GRANTED, and the Government's motion for summary affirmance is DENIED. The judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time is DENIED AS MOOT.

2