# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-60629
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
July 3, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Mark Randall Jones,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:09-CR-96-1

---

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Mark Randall Jones, federal prisoner # 69510-112, appeals the denial of his motion for a sentence reduction, filed pursuant to 18 U.S.C. § 3582(c)(2), based upon Amendment 821 to the Sentencing Guidelines. The district court determined that Jones was not eligible for a reduction as a zero-point offender because he had an aggravating role adjustment under

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60629

U.S.S.G. § 3B1.1.  *See* U.S.S.G. § 4C1.1(a)(10) (2023); *see also United States v. Morales*, 122 F.4th 590, 597 (5th Cir. 2024).

On appeal, Jones argues that the § 3B1.1 aggravating role increase was not justified and that this court erred in finding the error harmless on direct appeal because the district court has now denied him a § 4C1.1 reduction based upon it.  Jones seeks resentencing on the issue of his role in the offense. A proceeding under § 3582(c)(2) is not a full resentencing.  *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009).  In determining whether a defendant is eligible for a § 3582(c)(2) reduction, a district court may only substitute the amended guideline provision for the corresponding provision applied at sentencing.  *See* U.S.S.G. § 1B1.10(b)(1), p.s.; *United States v. Jones*, 796 F.3d 483, 486 (5th Cir. 2015).  Accordingly, the district court did not abuse its discretion in denying relief under § 3582(c)(2).  *See United States v. Quintanilla*, 868 F.3d 315, 319 (5th Cir. 2017).

AFFIRMED.