**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4326**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

KALIFE CRENSHAW,

             Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Richard D. Bennett, District Judge. (1:11-cr-00456-RDB-1)

Submitted:  October 26, 2012        Decided:  November 2, 2012

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Sapna Mirchandani, Staff Attorney, Greenbelt, Maryland, for Appellant.   Rod J. Rosenstein, United States Attorney, Debra L. Dwyer, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kalife Crenshaw pled guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and was sentenced as an armed career criminal to 180 months' imprisonment, the mandatory minimum sentence prescribed by 18 U.S.C. § 924(e) (2006). Crenshaw appeals his sentence, arguing that the mandatory minimum sentencing scheme in § 924(e) conflicts with 18 U.S.C. § 3553(a) (2006). We affirm.

We review issues of statutory interpretation de novo. United States v. Joshua, 607 F.3d 379, 382 (4th Cir. 2010). Section 924(e)(1) requires a minimum sentence of 180 months' imprisonment for a violation of § 922(g) by a person with three or more previous convictions for either violent felonies or serious drug offenses. Section 3553(a), the general sentencing statute, sets forth factors for the district court to consider during sentencing and mandates that a court "impose a sentence sufficient, but not greater than necessary." Section 3551(a) defines the scope of § 3553(a) so as to eliminate any conflict with mandatory minimum sentences, providing that sentencing shall be effected pursuant to § 3553(a) "except as otherwise specifically provided." 18 U.S.C. § 3551(a) (2006).

Courts have rejected the assertion that § 3553(a) conflicts with statutorily-mandated sentences, finding that the "otherwise specifically provided" language of § 3551(a) includes

2

mandatory minimum sentences. E.g., United States v. Sutton, 625 F.3d 526, 529 (8th Cir. 2010); United States v. Kellum, 356 F.3d 285, 289 (3d Cir. 2004) (mandatory minimum sentences "clearly fit within the 'except as otherwise specifically provided' exclusion of 3551(a)"). In addressing a similar issue, we have likewise recognized that "a district court has no discretion to impose a sentence outside of the statutory range established by Congress for the offense of conviction." United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005).

Applying this reasoning, we conclude that no conflict exists between § 3553(a) and the statutorily-imposed mandatory minimum sentence in § 924(e). Crenshaw's challenge to his sentence thus fails. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3