**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4552**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

DAMON DOCK, JR., a/k/a Damon Dock,

              Defendant – Appellant.

———————

**No. 12-4773**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

DAMON DOCK, a/k/a Corky,

              Defendant – Appellant.

———————

Appeal from the United States District Court for the Western
District of Virginia, at Abingdon.  James P. Jones, District
Judge.  (1:11-cr-00026-JPJ-PMS-4; 1:11-cr-00026-JPJ-PMS-3)

———————

Submitted:  July 12, 2013          Decided:  August 27, 2013

———————

Before DUNCAN and DIAZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

_____

Wayne D. Inge, LAW OFFICE OF WAYNE D. INGE, Roanoke, Virginia, for Appellant Damon Dock, Jr., Michael T. Hemenway, Charlottesville, Virginia, for Appellant Damon Dock. Timothy J. Heaphy, United States Attorney, Roanoke, Virginia, Zachary T. Lee, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damon Dock, Jr., ("Junior") and his father, Damon Dock ("Corky"), appeal their convictions after they were found guilty by a jury of conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Junior claims that the district court erred when it refused to impose a sentence less than the statutory mandatory minimum sentence. Corky claims that the evidence is insufficient to support the jury's verdict and that the district court erred in the amount of drugs it attributed to him for sentencing purposes.

For the reasons that follow, we affirm.

I.

A.

From the end of 2010 until May 2011, Corky distributed an approximate total of two kilograms of cocaine base ("crack cocaine") to co-defendants Chris Berry and Amy Moser, Berry's girlfriend.[*] In exchange, Berry gave Corky stolen property, which Corky's girlfriend, Hope Leonard, then sold.

---

[*] Because the jury returned a guilty verdict, we review the evidence in the light most favorable to the government. See United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc).

3

On multiple occasions during the same timeframe, Junior traveled with Corky and Leonard to Johnson City, Tennessee, to meet Corky's supplier, Chris Avery, and transport crack cocaine to Corky's residences in Bristol, Tennessee, and Bristol, Virginia.

On May 19, 2011, Berry, Moser, Corky, Leonard, and Junior checked into a hotel in Bristol, Tennessee, and spent the day smoking crack cocaine. At one point, Leonard and Corky left to get more crack cocaine from Avery and returned with one-half to three-quarters of an ounce of the drug. Later in the day, Corky sent Leonard to deliver crack cocaine to one of Corky's customers. After Leonard left, the United States Marshals Service, which had been conducting surveillance on the hotel room and had previously obtained an arrest warrant for Berry, identified Berry in the room and made entry. Deputy Marshals, along with other law enforcement officers, took Berry, Moser, Corky, and Junior into custody. The officers found digital scales, drug paraphernalia, a Beretta handgun, prescription medication, and 5.7 grams of crack cocaine in the room.

B.

A federal grand jury returned a multi-count indictment charging Corky, Junior, and their four co-defendants--Berry, Leonard, Avery, and Avery's girlfriend, Maggie Welch--with conspiring to distribute and possess with the intent to

4

distribute five kilograms or more of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846.

Corky and Junior pleaded not guilty. At trial, several of Corky and Junior's co-defendants testified. Moser testified that she had seen Corky with ten grams of crack cocaine on the day they were arrested. She also saw Corky give Junior crack cocaine on at least one prior occasion and had once purchased crack cocaine from Junior. Moser also drove Junior to Johnson City, Tennessee, to pick up a quantity of crack cocaine "[p]robably bigger than a golf ball" from Avery. J.A. 96.

Welch testified that she saw Avery deliver "cookies" of crack cocaine to Corky's residence on at least two occasions. She further testified that Avery and Corky would transact their business in the driveway of Corky's home.

Berry testified that he and Moser obtained varying amounts of crack cocaine from Corky "on a daily basis" from the end of 2010 until May 2011. J.A. 264. Berry saw Avery deliver crack cocaine to Corky on two occasions--bringing half of a kilogram on his first visit and approximately one kilogram the next. According to Berry, Junior transported crack cocaine that Junior received from Avery in Johnson City, Tennessee, to Corky's homes in Bristol, Tennessee, and Bristol, Virginia. Berry also traveled with Corky and Junior numerous times to pick up crack cocaine from Avery.

5

The district court sentenced Junior--without objection--to the statutory mandatory minimum sentence of 240 months' imprisonment.  Corky objected to the drug weight calculations contained within his presentence report ("PSR").  The PSR attributed to him not less than 840 grams but not more than 2.8 kilograms of crack cocaine, placing Corky at a total offense level of thirty-four.  The district court overruled Corky's objection and sentenced him to 132 months' imprisonment.


II.

Junior challenges the district court's refusal to impose a sentence less than the mandatory minimum sentence provided by § 841(b).  Because Junior did not object to his sentence when it was imposed, we review the district court's judgment for plain error.  United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010).  To prevail on appeal, Junior must show that "(1) an error was made, (2) the error is plain, and (3) the error affects substantial rights."  United States v. Massenburg, 564 F.3d 337, 342-343 (4th Cir. 2009) (citing United States v. Olano, 507 U.S. 725, 731 (1993)); see also Fed. R. Crim. P. 52(b).

Junior contends that the district court had the authority to sentence him to a term of imprisonment less than that which

is provided in § 841(b). We disagree. In fact, we have held that "[e]xcept upon motion of the [g]overnment on the basis of substantial assistance, a district court . . . may not depart below a statutory minimum." United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005). Since no such motion exists in this case, the district court lacked the authority to sentence Junior to less than the statutory mandatory minimum.

In Miller v. Alabama, 132 S. Ct. 2455 (2012), which Junior relies upon for his argument, the Supreme Court invalidated mandatory life terms of imprisonment without parole for those defendants under the age of 18. In this case, however, Junior was twenty years old at the time of his sentencing. Therefore, Miller is of no help to Junior.

Junior next argues that his sentence amounts to cruel and unusual punishment, in violation of the Eighth Amendment. We again disagree, as "the mere fact that [Junior's] . . . sentence was mandatorily imposed does not render it 'cruel and unusual.'" United States v. Kratsas, 45 F.3d 63, 69 (4th Cir. 1995). Moreover, we will not conduct a proportionality review "for any sentence less than life imprisonment without the possibility of parole." United States v. Ming Hong, 242 F.3d 528, 532 & n.3 (4th Cir. 2001).

Junior's reliance on United States v. C.R., 792 F. Supp. 2d 343 (E.D.N.Y. 2011), to support his Eighth Amendment argument is

misplaced. In C.R., the district court found that a statutory minimum five-year term of imprisonment violated a developmentally immature defendant's Eighth Amendment rights. We are not bound by that holding and, in any event, there is nothing in the record to suggest that Junior is, or has ever been, developmentally immature. Accordingly, this argument fails.

Lastly, Junior contends that the district court erred when it failed to consider the factors set forth in 18 U.S.C. § 3553(a) in arriving at its sentence. This claim lacks merit, as we have previously concluded that "no conflict exists between § 3553(a) and . . . statutorily-imposed mandatory minimum sentence[s]." United States v. Crenshaw, 486 F. App'x 379, 380 (4th Cir. 2012) (unpublished); see also United States v. Kellum, 356 F.3d 285, 289 (3d Cir. 2004) (stating that mandatory minimum sentences "clearly fit within the 'except as otherwise specifically provided' exclusion of 3551(a)"). Thus, the district court's failure to consider the § 3553(a) factors was not error, plain or otherwise.


III.

Corky challenges the sufficiency of the evidence to sustain the jury's finding of guilt beyond a reasonable doubt. He also

8

challenges the district court's adoption of his PSR's drug weight calculation.

A.

As to his first claim, Corky contends that the government's evidence "proved nothing more than a buyer-seller relationship between [Corky] and the witnesses for the government" and that the government failed to prove the existence of a conspiracy to distribute crack cocaine. Appellant's Br. at 15.

Corky characterizes the testimony of his coconspirators and codefendants as incredible, claiming that almost all of the government's witnesses were "drug users, drug dealers, or convicted felons." Appellant's Br. at 16. Corky also notes that most were testifying in the hopes of receiving a future sentence reduction as part of their plea to federal conspiracy charges.

This argument presents a question of law which we review de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). In determining the sufficiency of the evidence, we consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). We will affirm a jury verdict "if there is substantial evidence . . . to support it." Glasser v. United States, 315

U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Burgos, 94 F.3d at 862. In conducting this review, we must remain cognizant that "[t]he jury, not [this] court, weighs the credibility of the evidence." Id. "[I]f the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe." Id.

We have independently reviewed the record, and conclude that there was substantial evidence from which a rational jury could convict Corky of the charged offense. The jury weighed the testimony of the government's witnesses and found them to be credible, and we have no cause to conclude otherwise.

B.

Corky next contends that the evidence presented at trial supports a drug weight calculation of no more than 280 grams, the minimum amount that the jury specifically attributed to Corky. As a result, Corky argues, the district court erred when it attributed to him no less than 840 grams but no more than 2.8 kilograms of crack cocaine.

"In assessing whether [the district] court properly applied the [Sentencing] Guidelines, we review the court's factual findings for clear error." United States v. Osborne, 514 F.3d

10

377, 387 (4th Cir. 2008) (internal quotations omitted). "In determining the amount of drugs attributable to a defendant convicted of drug conspiracy, the district court may consider relevant information that is prohibited from being introduced at trial . . . . Further, the district court may attribute to the defendant the total amount of drugs involved in the conspiracy." United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999).

The record evidence in this case provides ample support for the district court's drug weight calculation. Indeed, Avery's testimony that he and Welch "went through a couple of [kilograms], easy," during the time Avery was buying crack cocaine from Corky, is alone sufficient to support the district court's finding. J.A. 270. Accordingly, the district court did not err, much less plainly, when it accepted the PSR's determination as to drug weight, and enhanced Corky's total offense level to thirty-four.

IV.

We affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

11