# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40610
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO GUERRERO, also known as Guero,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-844

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Ricardo Guerrero was convicted of conspiracy to possess with the intent to distribute more than one kilogram of heroin, more than 500 grams of methamphetamine, and more than five kilograms of cocaine, conspiracy to commit money laundering, and being a felon in possession of firearms, and he was sentenced under the enhanced penalty provisions of 21 U.S.C. §§ 841(b) and 851 to life imprisonment.  He challenges the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's denial of his pretrial motion to suppress, asserting, for the first time on appeal, that the initial stop was invalid because the officers did not have a reasonable suspicion that a traffic violation had occurred. More specifically, he now alleges that the Government failed to show that driving with a cancelled license plate is a violation of Texas law. Guerrero additionally argues that even if the initial stop was valid, the subsequent warrantless search of his person was not.

Because Guerrero did not assert in the district court that there was no traffic violation to support the initial stop, the argument may be waived. *See United States v. Scroggins*, 599 F.3d 433, 448 (5th Cir. 2010). However, we will "for good measure" consider the argument under the plain error standard. *See id.* To demonstrate plain error, Guerrero must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

"For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred, or is about to occur, before stopping the vehicle." *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005). Guerrero has not demonstrated that the district court clearly or obviously erred in determining that the officers in the instant case lawfully initiated a traffic stop based on a reasonable suspicion of a traffic violation. *See United States v. Zamora*, 661 F.3d 200, 207 (5th Cir. 2011) (finding that Texas officers lawfully stopped a vehicle missing a front license plate and bearing a cancelled rear plate, stating that "[e]vident traffic violations *such as these* clearly provide the police with reasonable suspicion to stop the vehicle." (emphasis added)).

No. 14-40610

Moreover, even assuming arguendo that the caselaw is as unsettled regarding whether driving with cancelled license plates is a traffic violation under Texas law as Guerrero suggests, he has failed to carry his plain-error burden because, in the absence of controlling authority, he cannot demonstrate clear or obvious error. *See Heien v. North Carolina*, 135 S. Ct. 530, 534 (2014) (holding that a reasonable mistake of law "can . . . give rise to the reasonable suspicion necessary to uphold [a] seizure under the Fourth Amendment"); *see also Puckett*, 556 U.S. at 135; *United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010). Additionally, a reasonable review of the record supports the district court's finding that officers had the requisite reasonable suspicion to conduct a post-stop pat down of Guerrero based on observed movements in the vehicle during the course of the traffic stop. *See Scroggins*, 599 F.3d at 440; *see also, e.g., Arizona v. Johnson*, 555 U.S. 323, 332 (2009); *United States v. Wangler*, 987 F.2d 228, 230-31 (5th Cir. 1993).

Next, Guerrero asserts that his conviction under count one is invalid because the Government neither pleaded nor proved that he knew the type and quantity of the drugs involved in the conspiracy. However, as he concedes, the argument is foreclosed by our decision in *United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009).

Finally, and also for the first time on appeal, Guerrero challenges the prior-conviction enhancement provisions of 21 U.S.C. §§ 841(b) and 851 as facially unconstitutional. He is unable to show clear or obvious error on the question whether the finality of a prior conviction is an issue beyond the fact of the prior conviction. *See Alleyne v. United States*, 133 S. Ct. 2151 (2013); *Almendarez-Torres v. United States*, 523 U.S. 224 (1998); *see also Puckett,* 556 U.S. at 135; *United States v. Jackson*, 549 F.3d 963, 977 (5th Cir. 2008). Further, given the passage of time between his prior convictions and the

3

instant offense and the absence of evidence indicating that the prior convictions were not final, Guerrero has failed to show a clear or obvious error regarding the finality of those convictions. *See United States v. Andrade-Aguilar*, 570 F.3d 213, 218 n.6 (5th Cir. 2009). Alternatively, even assuming that he could show clear or obvious error, Guerrero cannot demonstrate that any such error affected his substantial rights because the record establishes that the district court would have imposed a life sentence under the Guidelines even absent the enhanced penalty provisions. *See Puckett,* 556 U.S. at 135.

Accordingly, the district court's judgment is AFFIRMED.