**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2229
_____

In re:  TERRIL EDWARDS,
a/k/a Tariq Raymond Edwards,
a/k/a Terrell Howard,
                                        Petitioner
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-08-cr-00027-001)
District Judge:  Honorable John R. Padova
_____

Argued:  June 27, 2023

Before: JORDAN, KRAUSE, and
MONTGOMERY-REEVES, *Circuit Judges*.

(Filed: April 16, 2024)

Lisa B. Freeland
Samuel G. Saylor **[ARGUED]**
Office of Federal Public Defender
1001 Liberty Avenue
Suite 1500
Pittsburgh, PA 15222
        *Counsel for Petitioner*

Jacqueline C. Romero
Robert A. Zauzmer **[ARGUED]**
Bernadette A. McKeon
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
        *Counsel for Respondent*

_____

OPINION OF THE COURT

_____

MONTGOMERY-REEVES, *Circuit Judge.*

In 2010, the Supreme Court held that a second-in-time application for a writ of habeas corpus is not considered second or successive under 28 U.S.C. § 2244(b)—and thus is not subject to more stringent statutory requirements—if it challenges a new, intervening judgment. *Magwood v. Patterson*, 561 U.S. 320, 323–24 (2010). What exactly constitutes a new, intervening judgment has since been the subject of several cases across the circuits. This Court recently addressed the meaning of "judgment" in *Lesko v. Secretary Pennsylvania Department of Corrections*, 34 F.4th 211 (3d Cir. 2022). Now we address the meaning of "new" by answering

2

whether a First Step Act resentencing results in a new judgment under *Magwood*. For the reasons discussed below, we hold that it does not.

## I. BACKGROUND

In January 2008, a grand jury returned an indictment charging Terril Edwards with three counts: possession with intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(a) (the "Drug Trafficking Charge"), carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (the "First Firearm Charge"), and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (the "Second Firearm Charge"). In September 2008, a jury found Edwards guilty of each charge.

Based on Edwards's criminal history, the District Court determined that, under 21 U.S.C. § 841, the statutory minimum for the Drug Trafficking Charge was life imprisonment. In February 2009, the District Court sentenced Edwards to (i) the mandatory minimum of life imprisonment for the Drug Trafficking Charge, (ii) five years, to be served consecutively, for the First Firearm Charge, and (iii) 120 months, to be served concurrently, for the Second Firearm Charge, resulting in "a total term of mandatory life without release with five years consecutive." App. 541. Edwards appealed, and this Court affirmed his conviction and sentence. In 2011, Edwards filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody (a "§ 2255 motion"), which the District Court denied with prejudice in May 2012.

In 2010, as part of its cocaine sentencing reform, Congress passed sections 2 and 3 of the Fair Sentencing Act of

3

2010 (the "Fair Sentencing Act"), which "reduced the statutory penalties for crack cocaine offenses to produce an 18-to-1 crack-to-powder drug quantity ratio" instead of the previous 100-to-1 crack-to-powder drug ratio and "eliminated the mandatory minimum sentence for simple possession of crack cocaine." *U.S. Sent'g Comm'n*, *Report to the Congress: Impact of the Fair Sentencing Act of 2010*, at 3 (2015); *see also* Fair Sentencing Act, Pub. L. No. 111-220, §§ 2–3, 124 Stat. 2372, 2372 (2010). In 2018, Congress passed the First Step Act of 2018 (the "First Step Act"), which, in part, allowed courts to resentence people with crack cocaine convictions as if sections 2 and 3 of the Fair Sentencing Act had been enacted at the time they committed the covered offense. *See* First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018).

In April 2019, Edwards filed a motion for resentencing under the First Step Act. The District Court granted the motion and resentenced Edwards to 180 months for the Drug Trafficking Charge, 60 months consecutive for the First Firearm Charge, and 60 months concurrent for the Second Firearm Charge, for a total of 240 months.[1] The District Court entered an amended judgment reflecting Edwards's new sentence in June 2019.

In 2019, the Supreme Court overturned extensive circuit court precedent and held that under 18 U.S.C. §§ 922(g) and 924(a)(2), the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2200

---

[1] We express no opinion on the appropriateness of the amended sentence, which is not before us in this appeal.

4

(2019). Previously, circuit courts, including this Court, had held that the scienter requirement in § 922(g) applied only to the possession of the firearm and not to the membership in the prohibited class. *E.g.*, *United States v. Boyd*, 999 F.3d 171, 178 (3d Cir. 2021) ("[T]he District Court was following established precedent when it interpreted this knowledge requirement to apply only to gun possession." (citing *United States v. Huet*, 665 F.3d 588, 596 (3d Cir. 2012))). In other words, before *Rehaif* and at the time of Edwards's § 922(g) conviction, the Government had to prove that Edwards was a felon, but not that Edwards knew that he was a felon.

In May 2020, Edwards filed a second § 2255 motion in light of the Supreme Court's decision in *Rehaif*. The District Court transferred the petition[2] to this Court pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 1631 for this Court "to determine whether the District Court may consider the successive petition." App. 26. We do so now.

## II. DISCUSSION[3]

Edwards's petition requires us to address three questions. First, we determine whether Edwards's second-in-

---

[2] Although 28 U.S.C. §§ 2244 and 2255 refer to habeas "application[s]," we follow the Supreme Court's convention and "use the word 'petition' interchangeably with the word 'application[.]'" *Magwood v. Patterson*, 561 U.S. 320, 324 n.1 (2010).

[3] This Court has jurisdiction to determine whether Edwards's petition is second or successive under 28 U.S.C. §§ 2244 and 2255. And our review of that question is plenary. *See, e.g.*,

time § 2255 motion is a second or successive § 2255 motion. We hold that Edwards's second-in-time § 2255 motion is a second or successive § 2255 motion because a First Step Act resentencing is unrelated to the validity of the judgment it amends and thus does not result in a new, intervening judgment under *Magwood*. Second, we address whether Edwards has satisfied the requirements of § 2255(h) such that the District Court can consider his second or successive § 2255 motion. We hold that Edwards has not satisfied the requirements of § 2255(h) because *Rehaif* did not announce a "new rule of constitutional law" made retroactive to cases on collateral review by the Supreme Court. *See In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020). Third and finally, we consider whether, if Edwards cannot proceed under § 2255, he can challenge his sentence under 28 U.S.C. § 2241. We hold that the Supreme Court foreclosed this possibility in *Jones v. Hendrix*, 599 U.S. 465 (2023). As a result of this three-part analysis, we must deny Edwards's requests.

### A.     The Meaning of "New Judgment"

Edwards argues that his 2019 resentencing resulted in a new judgment under *Magwood* because the District Court made a substantive change to his sentence. Therefore, Edwards contends, because his second-in-time petition for a writ of habeas corpus is the first to challenge this new

*Weitzner v. Sanofi Pasteur, Inc.*, 819 F.3d 61, 63 (3d Cir. 2016) ("We exercise plenary review over whether subject-matter jurisdiction exists." (citing *Tellado v. IndyMac Mortg. Servs.*, 707 F.3d 275, 279 (3d Cir. 2013))); *DIRECTV Inc. v. Seijas*, 508 F.3d 123, 125 (3d Cir. 2007) ("Our review of questions of statutory interpretation is plenary." (citing *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 166 (3d Cir. 2005))).

judgment, it is not a second or successive petition and need not comply with 28 U.S.C. §§ 2244(a) or 2255(h) to proceed. The Government responds that Edwards's 2019 First Step Act resentencing did not result in a new judgment under *Magwood* because the First Step Act did not invalidate Edwards's original judgment but, instead, merely allowed the District Court to reduce his sentence "to account for the application of the Fair Sentencing Act." Br. for Respondent 23. Thus, the Government contends, Edwards's petition is a second or successive petition for a writ of habeas corpus and must comply with §§ 2244(a) and 2255(h) to proceed.

The Great Writ, as the writ of habeas corpus is often called, is "one of the few safeguards of liberty specified in a Constitution that, at the outset, had no Bill of Rights." *Boumediene v. Bush*, 553 U.S. 723, 739 (2008). While the roots of the Great Writ trace back to Magna Carta, *id.* at 740–41, the current iteration is a creature of statute codified in Title 28 of the United States Code, *see* 28 U.S.C. §§ 2241–2255. Relevant to this appeal, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended Title 28 in various ways to strictly limit second or successive petitions for a writ of habeas corpus. *See, e.g.*, 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."). For example, a prisoner detained pursuant to a judgment of a federal court can only bring a second or successive motion under § 2255 if that motion is based on newly discovered evidence of innocence or a new rule

7

of constitutional law that the Supreme Court made retroactive to cases on collateral review:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).[4]

---

[4] For petitioners detained pursuant to a judgment of a state court, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented

The Supreme Court's 2010 opinion in *Magwood* addressed the meaning of the phrase "second or successive," which is the triggering condition for these more stringent statutory requirements. In *Magwood*, the petitioner was convicted of aggravated murder and sentenced to death under Alabama state law. 561 U.S. at 324. Shortly before his scheduled execution, Magwood filed a federal habeas petition challenging his conviction and sentence. *See id.* at 326. The District Court rejected Magwood's claims attacking his conviction but agreed with Magwood's claims attacking his sentence and issued a conditional writ. *Id.* In response, the Alabama court held a new sentencing proceeding and, in 1986, sentenced Magwood to death for the second time. *Id.* Magwood then filed another federal habeas petition challenging his 1986 death sentence. *Id.* at 328. The Supreme

in a prior application shall be dismissed unless--(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244. In a case filed contemporaneously with this opinion, we held that the term "second or successive" has the same meaning regardless of whether the petitioner is in federal or state custody. *United States v. Hill*, No. 19-3508, 2024 WL 1592188, at *5 (3d Cir. Apr. 12, 2024).

Court "granted certiorari to determine whether Magwood's application challenging his 1986 death sentence, imposed as part of resentencing in response to a conditional writ from the District Court, [was] subject to the constraints that § 2244(b) imposes on the review of 'second or successive' habeas applications." *Id.* at 330 (citing *Magwood v. Culliver*, 558 U.S. 1023 (2009)). The Supreme Court explained that the phrase "second or successive" is a "term of art" that "does not simply 'refe[r] to all § 2254 applications filed second or successively in time.'" *Id.* at 332 (alteration in original) (first quoting *Slack v. McDaniel*, 529 U.S. 473, 486 (2000); and then quoting *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007)) (collecting cases). Rather, "the phrase 'second or successive' must be interpreted with respect to the judgment challenged," *id.* at 333; and when "there is a 'new judgment intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or successive' at all," *id.* at 341–42 (quoting *Burton v. Stewart*, 549 U.S. 147, 156 (2007)). Therefore, "Magwood's first application challenging his new sentence under the 1986 judgement [was] not 'second or successive' under § 2244(b)." *Id.* at 342.

Since *Magwood*, courts have been asked to clarify how the *Magwood* holding applies in different scenarios. In *Lesko*, for example, this Court considered whether a new sentence for an undisturbed conviction creates a new judgment such that a second-in-time habeas petition challenging the undisturbed conviction is not second or successive. 34 F.4th at 222–27. There, in 1981, a Pennsylvania jury convicted the petitioner of first-degree murder and sentenced him to death. *Id.* at 218. Lesko's first habeas petition succeeded as to his sentence, but not his conviction, and the District Court issued a conditional writ. *See id.* at 219. In 1995, another Pennsylvania jury

10

resentenced Lesko to death. *Id.* at 219, 221. In 2015, Lesko filed a second habeas petition challenging both his 1981 conviction and his 1995 sentence. *Id.* at 222. This Court held that *Magwood* compels the conclusion that "a prisoner who receive[d] relief as to his sentence is not barred from raising, in a second-in-time habeas petition, a challenge to an undisturbed conviction." *Id.* at 224. This is "[b]ecause both a conviction and sentence are necessary to authorize a prisoner's confinement, and resentencing creates a new judgment authorizing a prisoner's continued confinement[.] [A] petition challenging either component of that new judgment—be it conviction or sentence—is not second or successive." *Id.* at 224–25 (footnote omitted).[5]

*Magwood* and *Lesko* left open the question of whether *any* change to a sentence creates a new judgment such that a second-in-time habeas petition is not second or successive or whether the change must meet some threshold. This matter of first impression in our Circuit is presented here.

While we are addressing a matter of first impression for this Circuit, we are not writing on a blank slate. Instead, we are interpreting a statute, AEDPA, that the Supreme Court has informed us Congress passed to advance the principles of finality, federalism, and comity. *Williams v. Taylor*, 529 U.S. 420, 436 (2000). The plain language of AEDPA advances

---

[5] Relatedly, in *Romansky v. Superintendent Greene SCI*, 933 F.3d 293, 300 (3d Cir. 2019), this Court held that when "some but not all counts of conviction are disturbed on appeal or in post-conviction proceedings, the defendant's eventual resentencing is [not] a new judgment as to the undisturbed counts of conviction."

11

these doctrines, in part, by imposing restrictions on second or successive petitions, which in effect dramatically limit a prisoner's access to habeas relief. *See, e.g.*, *Tyler v. Cain*, 533 U.S. 656, 661 (2001) ("AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications."). Section 2244, which limits second or successive petitions except in a few, narrow circumstances, was "intended to reduce the universe of cases in which a habeas petition may go forward on a second or successive petition." *In re Minarik*, 166 F.3d 591, 600 (3d Cir. 1999). Generally, prisoners can only proceed with a second or successive petition if they have made an initial showing that their claim relies on either (1) a new rule of constitutional law that the Supreme Court "made retroactive to cases on collateral review[,]" or (2) newly discovered evidence that "if proven and viewed in light of the evidence as a whole" would show that "no reasonable factfinder" would have found the prisoner guilty. *See* 28 U.S.C. §§ 2244(a)–(b), 2255(h). The Supreme Court has confirmed that a "prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)). Thus, the text and purpose of the statute show that AEDPA's bar on second or successive petitions is meant to restrict most prisoners to one opportunity to seek habeas relief, subject only to narrow exceptions meant to protect those most likely to be wrongfully detained.

Further, we write in the shadow of the Supreme Court's reasoning in *Magwood*. Although *Magwood* did not expressly define "new," the Supreme Court focused on ADEPA's use of "the judgment" to determine the meaning of the phrase "second

12

or successive." 561 U.S. at 331–33; *see also* 28 U.S.C. §§ 2244(a), 2254(a). In doing so, the Supreme Court looked to its prior decision in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), and pointed out that a habeas petition "'seeks *invalidation* (in whole or in part) *of the judgment* authorizing the prisoner's confinement.' If his petition results in the district court's granting of the writ, 'the State may seek a *new* judgment (through a new trial or a new sentencing proceeding).'" *Magwood*, 561 U.S. at 332 (quoting *Wilkinson*, 544 U.S. at 83). The Supreme Court therefore linked the possibility of a new judgment to invalidation of the old one that authorized confinement. And based on this connection, the Supreme Court concluded that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Id.* at 333.

Thus, based on the text and purpose of the statute and the implications that flow from the reasoning of *Magwood*, we hold that a modified or amended judgment is a new judgment under *Magwood* only if the prior judgment was invalid. This rule gives prisoners "one fair opportunity" to challenge the validity of the judgment pursuant to which they are in custody. *See Banister*, 140 S. Ct. at 1702. If a prisoner previously challenged a judgment that is found to be invalid, then he is afforded a fresh opportunity to challenge the new judgment that fills the void left by the invalid judgment without having to make any additional showing. But if the prisoner's previous judgment was valid, changes to that valid judgment do not result in a new judgment under *Magwood*. This interpretation guards against any deficiencies in the new judgment, but it also guards against undermining the purpose of AEDPA. An interpretation that any change to a valid judgment, even if it must be a substantive change, allows a prisoner to circumvent

13

the showing necessary to bring a second or successive petition would unduly expand federal courts' ability to revisit final judgments, thereby undermining AEDPA's goal of furthering the principles of finality, federalism, and comity.[6]

A review of our sister circuits' decisions considering whether several different types of changes to a judgment create a new judgment for *Magwood* purposes supports our rule. For example, in *Telcy v. United States*, 20 F.4th 735, 737–38 (11th Cir. 2021), the Eleventh Circuit held that "a sentence reduction under the First Step Act does not constitute a new judgment" because it "does not affect the validity or lawfulness of the underlying sentence. The First Step Act allows, as a matter of legislative grace, district courts to exercise their discretion to issue sentence reductions."[7]

---

[6] While the principles of federalism and comity are not necessarily implicated in the § 2255 context, they are implicated in the § 2254 context. And because the term "second or successive" has the same meaning whether the petitioner is in federal or state custody, *see Hill*, 2024 WL 1592188, at *5, the rule we state today is applicable in both the § 2254 and § 2255 contexts. Thus, each of the three doctrines advanced by AEDPA are relevant to our analysis.

[7] The Eleventh Circuit grounded its reasoning in *Telcy*, in part, on its conclusion that the First Step Act did not authorize courts to conduct a plenary, de novo resentencing. 20 F.4th at 738. The Supreme Court's decision in *Concepcion v. United States*, 597 U.S. 481 (2022), however, called this conclusion into question. In *Concepcion*, the Supreme Court explained that "[i]t is only when Congress or the Constitution limits the scope

14

In the same vein, the Ninth Circuit has held that computation of a sentence does not result in a new judgment because "[t]o create a new judgment, a change to a sentence must be accompanied by the legal invalidation of the prior judgment. The essential criterion is legal invalidation of the prior judgment, not the imposition of a new sentence." *United States v. Buenrostro*, 895 F.3d 1160, 1165 (9th Cir. 2018) (collecting cases).

Likewise, the Second and Eighth Circuits have held that fixing a clerical or typographical error does not result in a new judgment, *Marmolejos v. United States*, 789 F.3d 66, 67 (2d Cir. 2015); *United States v. Brown*, 915 F.3d 1200, 1202 (8th Cir. 2019). And several circuits have held that a proceeding under 18 U.S.C. § 3582(c)(2) does not result in a new judgment, *e.g.*, *United States v. Jones*, 796 F.3d 483, 485–87 (5th Cir. 2015); *Sherrod v. United States*, 858 F.3d 1240, 1242 (9th Cir. 2017); *Armstrong v. United States*, 986 F.3d 1345, 1347 (11th Cir. 2021), because a § 3582(c)(2) resentencing has no effect on the validity or finality of the judgment imposing the sentence being reduced.

Each of these cases arose under different circumstances—a First Step Act sentence reduction, a computation of sentence, a fix of a clerical error, and a resentencing based on the Sentencing Commission subsequently lowering the applicable sentencing range. But

of information that a district court may consider in deciding whether, and to what extent, to modify a sentence, that a district court's discretion to consider information is restrained. Nothing in the First Step Act contains such a limitation." *Id.* at 486–87.

15

they all have one uniting factor: In each case where a court held that the second-in-time petition was second or successive, the prior judgment was not legally invalid.[8]

The inverse holds true, too. For example, at least half of the circuit courts have concluded that an intervening judgment *is* new when a successful collateral attack invalidated the previous judgment. *Johnson*, 623 F.3d at 43; *Lesko*, 34 F.4th at 223–24; *In re Gray*, 850 F.3d 139, 140 (4th Cir. 2017); *King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015); *Smith v. Williams*, 871 F.3d 684, 688 (9th Cir. 2017); *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014). Relatedly, the Ninth Circuit has held that a California "court's recalculation and alteration of the number of time-served or other similar credits award to a petitioner constitutes a new judgment" because "under California law, only a sentence that awards a prisoner all credits to which he is entitled is a legally valid one."[9] And Edwards has not pointed

---

[8] Our holding is also in line with the Supreme Court's reasoning in *Dillon v. United States*, 560 U.S. 817 (2010). There, the Supreme Court held that "a district court proceeding under § 3582(c)(2) does not impose a new sentence in the usual sense" and "the sentence-modification proceedings authorized by § 3582(c)(2) are not constitutionally compelled . . . [as] § 3582(c)(2) represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Id.* at 827–28.

[9] *Gonzalez v. Sherman*, 873 F.3d 763, 769–70 (9th Cir. 2017) (collecting cases) ("[A] state trial court's alteration of the number of presentence credits to which a prisoner is entitled is a legally significant act: it replaces an invalid sentence with

us to any case holding that an intervening judgment is new when the prior judgment was valid. Thus, a review of our sister courts' precedent supports our conclusion that whether a judgment is considered new under *Magwood* turns on the validity of the prior judgment.

With that framework in mind, we turn to the question at hand: Whether Edwards received a new judgment when the District Court reduced his sentence under the First Step Act. Section 404(b) of the First Step Act addresses the retroactive application of the Fair Sentencing Act and states that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed."[10]

---

a valid one. In determining whether, after amending the number of credits, there has been a new judgment 'pursuant to' which a prisoner is 'in custody' under *Magwood*, the answer under California law is yes: before the amendment, the prisoner was *not* held in custody pursuant to a lawful judgment of the state courts and was being held for a greater number of days than was proper under California law. After the amendment, however, there is a valid judgment pursuant to which the prisoner is lawfully being held in custody and he is being held for a lesser (and the correct) number of days." (citing *Magwood*, 561 U.S. at 332)).

[10] First Step Act § 404(b), 132 Stat. 5222. Section 404(a) of the First Step Act defines a covered offense as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010."

Section 404(c) clarifies that "[n]othing in [section 404] shall be construed to require a court to reduce any sentence pursuant to this section."

As this language shows, the availability of a First Step Act resentencing is an act of pure legislative grace. And Congress left it to the sole discretion of the sentencing court to decide whether to reduce an eligible person's sentence. *See Concepcion*, 597 U.S. at 487 ("By its terms, however, the First Step Act does not compel courts to exercise their discretion to reduce any sentence . . ."). This discretion indicates that Congress did not intend for the First Step Act to have any impact on the validity of the judgment being amended. And the plain language of the First Step Act does not require a showing that the prior sentence was invalid. *See* First Step Act § 404(a)–(c), 132 Stat. 5222. Accordingly, the plain language and structure of the First Step Act compel the conclusion that regardless of whether a court decides to exercise its discretion and resentence a prisoner under the First Step Act, the validity of the judgment pursuant to which the prisoner is confined is unaffected.

This contrasts with, for example, a habeas petition by a person in state custody, as 28 U.S.C. § 2254(a) requires the petitioner to establish "that he is in custody in violation of the Constitution or laws or treaties of the United States." Similarly, to succeed on a § 2255 motion, the petitioner must show he is in custody pursuant to a judgment that (1) "was imposed in violation of the Constitution or laws of the United States"; (2) the court was "without jurisdiction to impose"; (3) was "otherwise subject to collateral attack"; or (4) included a sentence that "was in excess of the maximum authorized by law[.]" 28 U.S.C. § 2255(a). Both §§ 2254 and 2255 thus require petitioners to show that their prior judgment was

18

invalid. And, for the reasons explained above, it is the invalidity of the prior judgment that makes an intervening judgment "new" under *Magwood*. Because a First Step Act resentencing is unrelated to the validity of the judgment that it amends, it does not result in a new judgment under *Magwood*. Therefore, Edwards's current motion is second or successive under § 2255 and must comply with the procedural requirements of §§ 2254(a) and 2255(h).

**B.    Authorization Under § 2255(h)**

Edwards concedes that if his § 2255 motion is second or successive, "§ 2255(h) would bar him from bringing his claim." Appellant Br. 67. We agree.

To bring a second or successive § 2255 motion, a petitioner must satisfy the gateway requirements of § 2255(h) by showing that his petition is based on either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Edwards's motion satisfies neither requirement. Edwards makes no representation that any new evidence exists that would satisfy § 2255(h)(1). And "*Rehaif*'s statutory holding satisfied neither of § 2255(h)'s gateway conditions for a second or successive § 2255 motion." *Jones*, 599 U.S. at 470. Because Edwards's second or successive § 2255 motion does not meet the statutory requirements of § 2255(h), the District Court may not consider it. Thus, we will not certify his request to proceed with his second or successive motion.

## C. 28 U.S.C. § 2241

Finally, Edwards argues that if his § 2255 motion is considered second or successive, he can proceed under 28 U.S.C. § 2241. But the Supreme Court definitively foreclosed this argument in *Jones v. Hendrix*, which addressed the exact question Edwards presents here. There, the petitioner, Jones, was convicted of two counts of unlawful possession of a firearm by a felon in violation of § 922(g)(1) and filed a § 2255 motion after his unsuccessful appeal. *Jones*, 599 U.S. at 470. The § 2255 motion resulted in vacatur of one of the § 922(g) convictions but no other relief. *Id.* After *Rehaif*, Jones filed a second § 2255 motion, collaterally attacking his remaining § 922(g) conviction. *Id.* Jones conceded that his motion was second or successive and that he did not satisfy either of § 2255(h)'s gateway conditions. *See id.* at 470. Accordingly, Jones sought to use "§ 2255(e)'s 'savings clause,' which provides that a federal prisoner may file a petition for a writ of habeas corpus under § 2241 if—and only if—§ 2255's 'remedy by motion is inadequate or ineffective to test the legality of his detention.'" *Id.* at 471. Thus, the question presented in *Jones* was "whether that limitation on second or successive motions

20

makes § 2255 'inadequate or ineffective' such that the prisoner may proceed with his statutory claim under § 2241." *Id.* at 470. The Supreme Court held that it does not. *Id.*

Edwards presents us almost the same scenario as *Jones*. Edwards's first-in-time § 2255 motion failed. He now seeks to bring a second or successive petition to pursue a *Rehaif* claim related to his § 922(g) conviction. The Supreme Court's holding in *Jones* requires the same outcome here. "[T]he [§ 2255] remedy by motion is [not] inadequate or ineffective to test the legality of [Edwards's] detention" merely because he cannot satisfy the statutory prerequisites necessary to pursue a second or successive § 2255 motion. *Id*. Thus, Edwards cannot proceed under § 2241.

## III. CONCLUSION

For the reasons discussed above, we will deny both Edwards's request to pursue a second or successive motion under 28 U.S.C. § 2255 and his request to proceed under 28 U.S.C. § 2241.