DLD-141                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3097
_____

RICARDO GUERRERO,
                              Appellant

v.

WARDEN ALLENWOOD USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:20-cv-00039)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted on Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 20, 2024

Before: JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: July 5, 2024)
_____

OPINION[*]
_____

**PER CURIAM**

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Ricardo Guerrero, a federal prisoner proceeding pro se, appeals from an order of the United States District Court for the Middle District of Pennsylvania denying his petition under 28 U.S.C. § 2241 and his motion for reconsideration of that order. For the following reasons, we will summarily vacate the District Court's orders and remand with instructions to dismiss the § 2241 petition for lack of subject matter jurisdiction.

Following a jury trial in the United States District Court for the Southern District of Texas, Guerrero was found guilty of conspiracy to possess with intent to distribute heroin, methamphetamine, and cocaine, see 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) and 846; conspiracy to commit money laundering, see 18 U.S.C. §§ 1956(a)(1) and (h); and being a felon in possession of firearms, see 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced to life in prison for the drug conspiracy, 240 months for the money laundering conspiracy, and 120 months for being a felon in possession. The United States Court of Appeals for the Fifth Circuit affirmed. See United States v. Guerrero, 603 F. App'x 328 (5th Cir. 2015) (not precedential). Thereafter, Guerrero filed a motion under 28 U.S.C. § 2255 and an application under 28 U.S.C. § 2244 to file a second or successive § 2255 motion, both of which were unsuccessful.

In January 2020, Guerrero, who at the time was an inmate at USP Allenwood, filed a petition under § 2241 in the United States District Court for the Middle District of Pennsylvania. He asserted that his § 922(g) conviction should be vacated under Rehaif v. United States, 588 U.S. 225, 227 (2019), in which the Supreme Court held that the Government must prove not only that the defendant knew that he possessed a firearm but

2

also that he knew that he was a member of the relevant category of people barred from possessing firearms. The District Court denied the petition, concluding that although Guerrero could proceed under § 2241, he was not entitled to relief because he stipulated at trial that he had previously been convicted of a felony that resulted in a prison sentence of over one year. Guerrero timely filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). The District Court denied that motion. Guerrero timely appealed. The Government filed a motion for summary affirmance, but later amended that motion by arguing that the District Court's order should be summarily vacated and the matter remanded to the District Court with instructions to dismiss the § 2241 petition for lack of jurisdiction.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions and review any factual findings for clear error. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Because Guerrero filed a timely motion for reconsideration, our review encompasses both the order denying the § 2241 petition, as well as the order denying the motion for reconsideration. See Fed. R. App. P. 4(a)(4)(A)(iv).

We will not reach the merits of Guerrero's underlying claim, which seeks to set aside his conviction, because we conclude that the claim must be brought in a motion pursuant to 28 U.S.C. § 2255. Attacks on the validity of a federal conviction or sentence generally must be asserted under § 2255. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). But because Guerrero's initial § 2255 motion qualifies as a first

3

§ 2255 motion for purposes of 28 U.S.C. § 2244 and 2255(h), see Slack v. McDaniel, 529 U.S. 473, 485-86 (2000), he cannot file a second or successive § 2255 motion unless he obtains permission to do so from the appropriate Court of Appeals. To do so, he must rely on either "newly discovered evidence," § 2255(h)(1), or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2255(h)(2). Guerrero's Rehaif claim did not satisfy those requirements. See In re Sampson, 954 F.3d 159, 161 (3d Cir. 2020) (per curiam).

He thus sought to proceed under the "saving clause" contained in § 2255(e), which permits a federal prisoner to seek relief under § 2241 when a § 2255 motion would be "inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. § 2255(e). But, while this appeal was pending, the Supreme Court held that the saving clause "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the] restrictions on second or successive § 2255 motions by filing a § 2241 petition." Jones v. Hendrix, 599 U.S. 465, 471 (2023). Indeed, the "inability of a prisoner with a statutory claim to satisfy" the requirements for filing a second or successive § 2255 motion "does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." Id. at 480. We recently held that, following Jones, a petitioner cannot proceed with a Rehaif claim under § 2241. See In re Edwards, 98 F.4th 425, 436 (3d Cir. 2024).

In sum, to the extent that the Government seeks summary affirmance, the request is denied. But we treat the Government's motion for summary affirmance as amended by

4

its request to summarily vacate the District Court's order. As so amended, we grant the Government's motion and will summarily vacate the District Court's orders and remand with instructions to dismiss the § 2241 petition for lack of subject matter jurisdiction.[1] See Voneida v. Johnson, 88 F.4th 233, 239 (3d Cir. 2023).

---

[1] Guerrero's letter motion to extend the time to file a response to the Clerk's Order of May 9, 2024, is denied as moot, as he filed a response on June 5, 2024, which we have considered. His "Motion for Summary Judgment" is denied.