**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1231
_____

KALIFE CRENSHAW,
                              Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:19-cv-02117)
District Judge:  Honorable James M. Munley

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 5, 2024
Before:  JORDAN, PHIPPS, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: July 17, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kalife Crenshaw appeals pro se from an order of the United States District Court for the Middle District of Pennsylvania dismissing his petition under 28 U.S.C. § 2241 for lack of jurisdiction.  For the following reasons, we will affirm.

Crenshaw pleaded guilty in the United States District Court for the District of Maryland to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  He was sentenced under the Armed Career Criminal Act ("ACCA") to a mandatory minimum sentence of 180 months.  See 18 U.S.C. § 924(e)(1).  The United States Court of Appeals for the Fourth Circuit affirmed.  See United States v. Crenshaw, 486 F. App'x 379 (4th Cir. 2012).  Next, Crenshaw filed in the District of Maryland a motion under 28 U.S.C. § 2255, arguing that his sentence under the ACCA was invalid under Johnson v. United States, 576 U.S. 591, 597 (2015).  The District Court denied the motion, holding that Johnson was inapplicable because Crenshaw's ACCA designation was based on three prior "serious drug offenses" under § 924(e)(2)(A)(ii), rather than the § 924(e)(2)(B)'s residual clause, which Johnson deemed unconstitutional.

In December 2019, Crenshaw, who at the time was an inmate at FCI Allenwood, filed a petition under § 2241 in the United States District Court for the Middle District of Pennsylvania.  He asserted that his § 922(g) conviction should be vacated under Rehaif v. United States, 588 U.S. 225, 227 (2019), in which the Supreme Court held that the Government must prove not only that the defendant knew that he possessed a firearm but also that he knew that he was a member of the relevant category of people barred from possessing firearms.  The District Court construed Crenshaw's § 2241 petition as an

unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction. Crenshaw filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

Attacks on the validity of a federal conviction or sentence generally must be asserted under § 2255. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Crenshaw's initial § 2255 motion qualifies as a first § 2255 motion for purposes of 28 U.S.C. § 2244 and 2255(h). See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000); Villanueva v. United States, 346 F.3d 55, 60 (2d Cir. 2003). Therefore, he cannot file a second or successive § 2255 motion unless he obtains permission to do so from the appropriate Court of Appeals. To do so, he must rely on either "newly discovered evidence," § 2255(h)(1), or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2255(h)(2). Crenshaw's claim, which was based on a more favorable interpretation of statutory law adopted after his conviction became final, did not satisfy either of those requirements.

Crenshaw thus sought to proceed under the "saving clause" contained in § 2255(e), which permits a federal prisoner to seek relief under § 2241 when a § 2255 motion would be "inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. § 2255(e). The Supreme Court has held the saving clause "preserves recourse to § 2241 in cases where unusual circumstances make it impossible

3

or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." Jones v. Hendrix, 599 U.S. 465, 478 (2023). But the saving clause "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the] restrictions on second or successive § 2255 motions by filing a § 2241 petition." Id. at 471. Indeed, the "inability of a prisoner with a statutory claim to satisfy" the requirements for filing a second or successive § 2255 motion "does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." Id. at 480. We recently held that, following Jones, a petitioner cannot proceed with a Rehaif claim under § 2241. See In re Edwards, 98 F.4th 425, 436 (3d Cir. 2024)

For the foregoing reasons, we will affirm the District Court's dismissal of Crenshaw's § 2241 petition.